AGNES SWEENEY, RESPONDENT, v. THOMAS A. LALLY AND ANNA LALLY, APPELLANTS.

ANNA ENGLISH AND RICHARD ENGLISH, RESPONDENTS, v. THOMAS A. LALLY AND ANNA LALLY, APPELLANTS.

Submitted January 26, 1934—Decided May 2, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *William T. Cahill.*

For the respondents, *Harry Edelson.*

PER CURIAM.

These two cases arose out of a collision between two automobiles at a street intersection. The defendant Anna Lally was charged as the driver of one of the cars, and defendant Thomas Lally on the theory of *respondeat superior.* No question is raised on this phase of the matter. Plaintiff Agnes Sweeney sued for damages to her car, which was being driven by Anna English, who sued for personal injuries, and whose husband, Richard English, joined his claim *per quod.*

The two cases seem to have been tried together without a jury. The alleged errors of the trial judge as assigned on this appeal, are in each case, (1) that the court refused a motion to nonsuit "because of the plaintiffs' contributory

negligence, and the absence of proof of negligence on the part of the defendants;" and (2) "that the trial court refused at the close of the defendants' case to grant the motion for a direction of verdict because of the failure of the plaintiffs to make out a case by a fair preponderance of the evidence."

As to the first, it is unavailable so far as it relates to absence of negligence on the part of the defendants because that was not invoked at the trial. So far as contributory negligence is concerned, it was clearly a question of fact, as it generally is in this class of cases. As to the second, if it means that there was no question of fact on the issue of negligence, our answer is that the proposition is wholly without substance. If it means that the court sitting as a jury erred in determining that question of fact, the answer is that if there was any evidence to support the plaintiffs' case (and we find abundant evidence), the finding of the trial court on that issue is impregnable here.

The judgment is affirmed.